RULE 408.  NOT GUILTY PLEAS - NOTICE OF TRIAL.

(A)  A defendant may plead not guilty by:

(1)  appearing before the issuing authority, entering the plea, and depositing such collateral for appearance at trial as the issuing authority shall require; or

(2)  notifying the issuing authority in writing of the plea and forwarding as collateral for appearance at trial an amount equal to the fine and costs specified in the citation, plus any additional fee required by law.  If the fine and costs are not specified, the defendant shall forward the sum of $50 as collateral for appearance at trial.

(B)  The issuing authority, upon receiving a plea of not guilty, shall:

(1)  fix a date and hour for trial;

(2)  notify the defendant and the law enforcement officer of the date and hour fixed for trial; and

(3)  advise the defendant that failure to appear for trial shall constitute consent to trial in the defendant's absence and if the defendant is found guilty, the collateral deposited shall be forfeited and applied toward the fine **[and],** costs, **and restitution**, and the defendant shall have the right to appeal within **30 [thirty]** days for a trial *de novo*.

COMMENT:  It is intended that the defendant will appear in person before the issuing authority to plead not guilty when the defendant cannot afford to deposit the amount of collateral specified in the citation or the $50 when no amount is specified.  A plea entered by mail must be accompanied by the full amount of collateral.  *See* Rule 452.  All checks deposited as collateral shall be made payable to the magisterial district number set forth on the citation.

When fixing the date and hour for trial, the issuing authority should determine whether the trial must be delayed because the defendant's criminal record must be ascertained prior to trial as specifically required by statute for purposes of grading the offense charged.

**Paragraph (B)(3) was amended in 2016 to clarify that collateral may be forfeited for the payment of restitution as well as for the fine and costs that have been assessed by an issuing authority.** *See* **18 Pa.C.S.**

**§ 1106(d) for the authority of a magisterial district judge to impose restitution on a defendant.**


NOTE:  Previous Rule 58, adopted September 18, 1973, effective January 1, 1974; amended to correct printing error June 28, 1976, effective immediately; rescinded July 12, 1985, effective January 1, 1986, and not replaced in the present rules.  Present Rule 58 adopted July 12, 1985, effective January 1, 1986.  The January 1, 1986 effective dates all are extended to July 1, 1986; amended January 31, 1991, effective July 1, 1991; renumbered Rule 408 and amended March 1, 2000, effective April 1, 2001 **[.]** **; amended June 10, 2016, effective August 1, 2016.**


\*          \*          \*          \*          \*          \*


*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the January 31, 1991 amendments published at 20 Pa.B. 4788 (September 15, 1990); Supplemental Report published at 21 Pa.B. 621 (February 16, 1991).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the June 10, 2016 amendments clarifying that forfeited collateral may be applied to restitution published with the Court's Order at 46 Pa.B.     (          , 2016).*

RULE 413.  NOT GUILTY PLEAS -- NOTICE OF TRIAL.

(A)  A defendant may plead not guilty by:

(1)  appearing before the issuing authority, entering the plea, and depositing such collateral for appearance at trial as the issuing authority shall require; or

(2)  notifying the issuing authority in writing of the plea and forwarding as collateral for appearance at trial an amount equal to the fine and costs specified in the summons, plus any additional fee required by law.  If the fine and costs are not specified, the defendant shall forward the sum of $50 as collateral for appearance at trial.

(B)  The issuing authority, upon receiving a plea of not guilty, shall:

(1)  fix a date and hour for trial;

(2)  notify the defendant and the law enforcement officer of the date and hour fixed for the trial; and

(3)  advise the defendant that failure to appear for trial shall constitute consent to trial in the defendant's absence and if the defendant is found guilty, the collateral deposited shall be forfeited and applied toward the fine **[and],** costs, **and restitution**, and the defendant shall have the right to appeal within **30 [thirty]** days for a trial *de novo*.

> COMMENT: It is intended that the defendant will appear in person before the issuing authority to plead not guilty when the defendant cannot afford to deposit the amount of collateral specified in the summons or the $50 when no amount is specified.  A plea entered by mail must be accompanied by the full amount of collateral.  *See* Rule 452. All checks for collateral shall be made payable to the magisterial district number set forth on the summons.
>
> When fixing the date and hour for trial, the issuing authority should determine whether the trial must be delayed because the defendant's criminal record must be ascertained prior to trial as specifically required by statute for purposes of grading the offense charged.
>
> **Paragraph (B)(3) was amended in 2016 to clarify that collateral may be forfeited for the payment of restitution as well as for the fine and costs that have been assessed by an issuing authority. *See* 18 Pa.C.S.**

3

**§ 1106(d) for the authority of a magisterial district judge to impose restitution on a defendant.**

NOTE:  Previous rule, originally numbered Rules 141 and 142, adopted January 31, 1970, effective May 1, 1970; combined, and renumbered Rule 63, and amended September 18, 1973, effective January 1, 1974; amended April 26, 1979, effective July 1, 1979; rescinded July 12, 1985, effective January 1, 1986, and replaced by present Rule 454.  Present Rule 63 adopted July 12, 1985, effective January 1, 1986.  The January 1, 1986 effective dates all are extended to July 1, 1986; amended January 31, 1991, effective July 1, 1991; renumbered Rule 413 and amended March 1, 2000, effective April 1, 2001 **[.] ; amended June 10, 2016, effective August 1, 2016.**

\*       \*       \*       \*       \*       \*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the January 31, 1991 amendments published at 20 Pa.B. 4788 (September 15, 1990); Supplemental Report published at 21 Pa.B. (February 16, 1991).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the June 10, 2016 amendments clarifying that forfeited collateral may be applied to restitution published with the Court's Order at 46 Pa.B.     (          , 2016).*

RULE 423. NOT GUILTY PLEAS -- NOTICE OF TRIAL.

(A) A defendant may plead not guilty by:

(1) appearing before the issuing authority, entering the plea, and depositing such collateral for appearance at trial as the issuing authority shall require; or

(2) notifying the issuing authority in writing of the plea and forwarding as collateral for appearance at trial an amount equal to the fine and costs specified in the summons, plus any additional fee required by law. If the fine and costs are not specified, the defendant shall forward the sum of $50 as collateral for appearance at trial.

(B) The issuing authority, upon receiving a plea of not guilty, shall:

(1) fix a date and hour for trial;

(2) notify the defendant and the affiant of the date and hour fixed for the trial; and

(3) advise the defendant that failure to appear for trial shall constitute consent to trial in the defendant's absence and if the defendant is found guilty, the collateral deposited shall be forfeited and applied toward the fine **[and]**, costs, **and restitution**, and the defendant shall have the right to appeal within **30** days for a trial *de novo*.

> COMMENT: It is intended that the defendant will appear in person before the issuing authority to plead not guilty when the defendant cannot afford to deposit the amount of collateral specified in the summons or the $50 when no amount is specified. A plea entered by mail must be accompanied by the full amount of collateral. *See* Rule 452. All checks for collateral shall be made payable to the magisterial district number set forth on the summons.
>
> When fixing the date and hour for trial, the issuing authority should determine whether the trial must be delayed because the defendant's criminal record must be ascertained prior to trial as specifically required by statute for purposes of grading the offenses charged.
>
> **Paragraph (B)(3) was amended in 2016 to clarify that collateral may be forfeited for the payment of restitution as well as for the fine and costs that have been assessed by an issuing authority. *See* 18 Pa.C.S.**

**§ 1106(d) for the authority of a magisterial district judge to impose restitution on a defendant.**

NOTE: Previous Rule 68 adopted September 18, 1973, effective January 1, 1974; rescinded July 12, 1985, effective January 1, 1986, and not replaced in the present rules. Present Rule 68 adopted July 12, 1985, effective January 1, 1986. The January 1, 1986 effective dates all are extended to July 1, 1986; amended January 31, 1991, effective July 1, 1991; renumbered Rule 423 and amended March 1, 2000, effective April 1, 2001 **[.] ; amended June 10, 2016, effective August 1, 2016.**

\*       \*       \*       \*       \*       \*

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>*:*

<u>*Report*</u> *explaining the January 31, 1991 amendments published at 20* <u>*Pa.B.*</u> *4788 (September 15, 1990);* <u>*Supplemental*</u> <u>*Report*</u> *published at 21* <u>*Pa.B.*</u> *621 (February 16, 1991).*

*Final* <u>*Report*</u> *explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30* <u>*Pa.B.*</u> *1478 (March 18, 2000).*

*Final Report explaining the June 10, 2016 amendments clarifying that forfeited collateral may be applied to restitution published with the Court's Order at 46 Pa.B.     (          , 2016).*

RULE 452.  COLLATERAL

(A)  The issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear.

(B)  If the issuing authority has reasonable grounds to believe that the defendant will not appear, the issuing authority may fix the amount of collateral to be deposited to ensure a defendant's appearance at the summary trial, which amount shall not exceed the full amount of the fine and costs.

(C)  In determining whether it is necessary to set collateral and what amount of collateral should be set, the issuing authority shall consider the factors listed in Rule 523.

(D)  If collateral is set, the issuing authority shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.

(E)  To be released on recognizance or to request a lower amount of collateral, the defendant must appear personally before the issuing authority to enter a plea, as provided in Rules 408, 413, and 423.

(F)  The collateral deposited shall be in United States currency or a cash equivalent.

(G)  The collateral deposited may be forfeited after conviction at the summary trial and applied to payment of the fine**,** **[and]** costs**, and restitution**.

> COMMENT: The term "collateral" is intended to convey the dual purpose of the amount of money that is deposited. First, the amount deposited is used as bail to secure the defendant's appearance at the summary trial.  Second, the amount deposited is used as security, and may be forfeited in the event of a conviction to satisfy any fine, **[and]** costs**,** **and restitution**.
>
> A defendant may not be penalized or denied a hearing because he or she cannot pay the full amount of the fine and costs as collateral.
>
> For the purpose of paragraph (F), any guaranteed arrest bond certificate issued by an automobile club or association pursuant to 40 P.S. § 837 (1959) would constitute a "cash equivalent."

7

**Paragraph (G) was amended in 2016 to clarify that collateral may be forfeited for the payment of restitution as well as for the fine and costs that have been assessed by an issuing authority.  *See* 18 Pa.C.S. § 1106(d) for the authority of a magisterial district judge to impose restitution on a defendant.**

NOTE:  Rule 81 adopted July 12, 1985, effective January 1, 1986; effective date extended to July 1, 1986; *Comment* revised February 1, 1989, effective July 1, 1989; *Comment* revised May 14, 1999, effective July 1, 1999; renumbered Rule 452 and *Comment* revised March 1, 2000, effective April 1, 2001; amended April 10, 2015, effective July 10, 2015 **[.] ; amended June 10, 2016, effective August 1, 2016.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the May 14, 1999 Comment revisions published with the Court's Order at 29 Pa.B. 2775 (May 29, 1999).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1477 (March 18, 2000).*

*Final Report explaining the April 10, 2015 amendment concerning the setting of collateral published with the Court's Order at 45 Pa.B. 2040 (April 25, 2015).*

*Final Report explaining the June 10, 2016 addition of "restitution" to the list of items for which collateral may be forfeited after conviction published with the Court's Order at 46 Pa.B.      (            , 2016).*

8

RULE 455.  TRIAL IN DEFENDANT'S ABSENCE.

(A)  If the defendant fails to appear for trial in a summary case, the trial shall be conducted in the defendant's absence, unless the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence.  If the trial is not conducted in the defendant's absence, the issuing authority may issue a warrant for the defendant's arrest.

(B)  At trial, the issuing authority shall proceed to determine the facts and render a verdict.

(C)  If the defendant is found not guilty, any collateral previously deposited shall be returned.

(D)  If the defendant is found guilty, the issuing authority shall impose sentence, and shall give notice by first class mail to the defendant of the conviction and sentence, and of the right to file an appeal within 30 days for a trial *de novo*.  In those cases in which the amount of collateral deposited does not satisfy the fine and costs imposed or the issuing authority imposes a sentence of restitution, the notice shall also state that failure within 10 days of the date on the notice to pay the amount due or to appear for a hearing to determine whether the defendant is financially able to pay the amount due may result in the issuance of an arrest warrant.

(E)  Any collateral previously deposited shall be forfeited and applied only to the payment of the fine**,** **[and]** costs, **and restitution**.  When the amount of collateral deposited is more than the fine**,** **[and]** costs, **and restitution**, the balance shall be returned to the defendant.

(F)  If the defendant does not respond within 10 days to the notice in paragraph (D), the issuing authority may issue a warrant for the defendant's arrest.

> COMMENT:  In those cases in which the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence, the issuing authority may issue a warrant for the arrest of the defendant in order to have the defendant brought before the issuing authority for the summary trial.  *See* Rule 430(B).  The trial would then be conducted with the defendant present as provided in these rules.  *See* Rule 454.

9

When the defendant was under 18 years of age at the time of the offense and is charged with a summary offense that would otherwise carry a mandatory sentence of imprisonment as prescribed by statute, the issuing authority is required to conduct the summary trial but may not sentence the defendant to a term of imprisonment. *See* 42 Pa.C.S. §§ 6302 and 6303 and 75 Pa.C.S. § 6303(b).

Paragraph (D) provides notice to the defendant of conviction and sentence after trial in absentia to alert the defendant that the time for filing an appeal has begun to run. *See* Rules 408(B)(3), 413(B)(3), and 423(B)(3).

*See* Rule 454(F) for what information must be included in a sentencing order when restitution is included in the sentence.

Except in cases under the Public School Code of 1949, 24 P.S. § 1-102, *et seq.*, in which the defendant is at least 13 years of age but not yet 17, if the defendant is under 18 years of age, the notice in paragraph (D) must inform the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority will certify notice of the failure to pay to the court of common pleas as required by the Juvenile Act, 42 Pa.C.S. § 6302, definition of "delinquent act," paragraph (2)(iv), and the case will proceed pursuant to the Rules of Juvenile Court Procedure and the Juvenile Act instead of these rules.

If the defendant is charged with a violation of the compulsory attendance requirements of the Public School Code of 1949, 24 P.S. § 1-102, *et seq.;* has attained the age of 13 but is not yet 17; and has failed to pay the fine, the issuing authority must issue the notice required by paragraph (D) to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority may allege the defendant dependent under 42 Pa.C.S. § 6303(a)(1). Pursuant to 24 P.S. § 13-1333(b)(2), the defendant's failure to pay is not a

delinquent act and the issuing authority would not certify notice of the failure to pay to the common pleas court.

If the defendant is 18 years of age or older and fails to pay or appear as required in paragraph (D), the issuing authority must proceed under these rules.

**Paragraph (E) was amended in 2016 to clarify that collateral may be forfeited for the payment of restitution as well as for the fine and costs that have been assessed by an issuing authority.** *See* **18 Pa.C.S. § 1106(d) for the authority of a magisterial district judge to impose restitution on a defendant.**

Concerning the appointment or waiver of counsel, see Rules 121 and 122.

For arrest warrant procedures in summary cases, see Rules 430 and 431.

NOTE:  Rule 84 adopted July 12, 1985, effective January 1, 1986; January 1, 1986 effective date extended to July 1, 1986; amended February 1, 1989, effective July 1, 1989; amended April 18, 1997, effective July 1, 1997; amended October 1, 1997, effective October 1, 1998; renumbered Rule 455 and *Comment* revised March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; *Comment* revised April 1, 2005, effective October 1, 2005; amended August 15, 2005, effective February 1, 2006; *Comment* revised January 17, 2013, effective May 1, 2013; *Comment* revised July 17, 2013, effective August 17, 2013 ; *Comment* revised March 9, 2016, effective July 1, 2016 **[.]** **; amended June 10, 2016, effective August 1, 2016.**

\*         \*         \*         \*         \*         \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the April 18, 1997 amendments mandating a summary trial in absentia with certain exceptions published with the Court's Order at 27 Pa.B. 2117 (May 3, 1997).*

*Final Report explaining the October 1, 1997 amendments to paragraphs (D) and (E) published with the Court's Order at 27 Pa.B. 5414 (October 1, 1997).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the August 7, 2003 changes to the Comment concerning failure to pay and juveniles published with the Court's Order at 33 Pa.B. 4293 (August 30, 2003).*

*Final Report explaining the April 1, 2005 Comment revision concerning application of the Juvenile Court Procedural Rules published with the Court's Order at 35 Pa.B. 2213 (April 16, 2005).*

*Final Report explaining the August 15, 2005 amendments to paragraph (D) concerning notice of right to appeal published with the Court's Order at 35 Pa.B. 4918 (September 3, 2005).*

*Final Report explaining the January 17, 2013 revisions of the Comment concerning the Public School Code of 1949 published with the Court's Order at 43 Pa.B. 654 (February 2, 2013).*

*Final Report explaining the July 17, 2013 Comment vision concerning mandatory incarceration offenses and juveniles published with the Court's Order at 43 Pa.B.    (      , 2013).*

*Final Report explaining the June 10, 2016 amendments clarifying that forfeited collateral may be applied to restitution published with the Court's Order at 46 Pa.B.    (      , 2016).*

12

RULE 1031.  INSTITUTION OF PROCEEDINGS IN SUMMARY TRAFFIC CASES.

(A)  Summary traffic cases in Philadelphia shall be instituted by:

(1)  issuing a citation to the defendant as provided in Rules 405-409;

(2)  filing a citation with the Philadelphia Municipal Court Traffic Division as provided in Rules 410-414; or

(3)  arresting without a warrant when arrest is specifically authorized by law as provided in Rules 440 and 441.

(B)  When provided by local rule as an exception to the trial notice procedures in Rule 408(B), the law enforcement officer also shall give the defendant written notice of the date and time and location set for the summary trial when a citation is issued to the defendant as provided in Rule 405.

(1)  The trial notice shall include an explanation that if the defendant enters a guilty plea and pays the fine and costs indicated on the citation within the specified time, the summary trial will be cancelled.

(2)  The trial notice also shall include notice to the defendant that:

(a)  failure to appear for the trial shall constitute consent for the trial to be conducted in the defendant's absence;

(b)  if the defendant is found guilty, the collateral deposited will be forfeited and applied **[toward the fine and costs]** <u>to payment of the fine, costs, and restitution</u>; and

(c)  the defendant will have the right to appeal within 30 days for a trial *de novo* in the court of common pleas.


COMMENT:  *See* Rule 403 for the contents of the citation.

The trial notice permitted in paragraph (B) may be added to the citation form.

**<u>Paragraph (B)(2)(b) was amended in 2016 to clarify that collateral may be forfeited for the payment of restitution as well as for the fine and costs that have been assessed by an issuing authority.</u>**

13

*See* Rule 105 for the procedures for promulgating local rules.

NOTE:  Adopted September 9, 2005, effective February 1, 2006; amended May 7, 2014, effective immediately **[.]** **;** **amended June 10, 2016, effective August 1, 2016.**

\*            \*            \*            \*            \*            \*

*COMMITTEE EXPLANATORY* REPORTS:

*Final* Report *explaining the provisions of the new rule published with the Court's Order at 35* Pa.B. *5239 (September 24, 2005).*

*Final* Report *explaining the May 7, 2014 amendments concerning  the transfer of functions from the Philadelphia Traffic Court to the Philadelphia Municipal Court published with the Court's Order at 44* Pa.B. *3056 (May 24, 2014).*

*Final Report explaining the June 10, 2016 addition of "restitution" to the list of items for which collateral may be forfeited after conviction published with the Court's Order at 46 Pa.B.      (            , 2016)*